# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | |
| v.            ) | **Criminal No.** |
| )            | **06-40014-FDS** |
| JAVIER SOTO-ALARCON ) | |
| ) | |
| Defendant.       ) | |

## ORDER ON DEFENDANT'S MOTION
## FOR REDUCTION OF SENTENCE

**SAYLOR, J.**

Defendant Javier Soto-Alarcon pleaded guilty on March 19, 2007, to one count of distribution of five grams or more of cocaine base. He was sentenced to a term of imprisonment of 120 months with an eight-year term of supervised release. Defendant currently seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

**I.     Background**

On April 27, 2006, a grand jury returned an indictment against Javier Soto-Alarcon charging him with one count of distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). On February 9, 2007, the government filed an "Information to Establish Prior Conviction," pursuant to 21 U.S.C. § 851, which ultimately subjected Soto-Alarcon to a mandatory minimum prison sentence of 10 years because he had been convicted of a federal felony drug offense in 2000. On January 3, 2008, Soto-Alarcon pleaded guilty to the indictment and was sentenced to the mandatory minimum term of imprisonment of 120 months, with an eight-year term of supervised release.

Case 4:06-cr-40014-FDS   Document 51   Filed 06/16/09   Page 2 of 3

On March 27, 2008, Soto-Alarcon filed a *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels applicable to crack cocaine offenses. He contends that he is eligible for a reduction of sentence under the new guidelines because the sentencing range for the crime he committed has been lowered by the Sentencing Commission. He further contends that he could dispense with the mandatory minimum sentence pursuant to 18 U.S.C. § 3553(f), the "safety valve" provision.

The government contends that Soto-Alarcon is not eligible for a reduction of sentence because he was sentenced to a ten-year statutory mandatory minimum period of incarceration as a result of the prior federal felony drug offense. As a result, Soto-Alarcon's sentence was determined by statute and not by the Sentencing Guidelines, and therefore is unaffected by the Amendment.

## II.     Analysis

A district court lacks authority to sentence defendants below the mandatory minimum sentence in most circumstances. *United States v. Ramirez*, 252 F.3d 516, 520 (1st Cir. 2001). Under 18 U.S.C. § 3553(f), the so-called "safety valve" provision, a defendant can be sentenced below the statutory minimum if he meets certain qualifications. In this case, the defendant does not qualify under the safety valve provision because, among other things, he has five criminal history points.

Defendant further contends that he is eligible for sentence reduction pursuant to 21 U.S.C. § 3582(c)(2), which states that a defendant is eligible for a new sentence if the original sentence was based on a sentencing range that has subsequently been lowered by the Sentencing

2

Commission. Because defendant's sentence in this case was based on a statute, and not a sentencing range, the revised guideline calculation was replaced with the statutory minimum sentence. *See* U.S.S.G. § 5G1.1(providing that "where a statutorily authorized minimum sentence is greater than the maximum of the applicable guideline range, the statutorily authorized minimum sentence shall be the guideline sentence"). The statutory minimum sentence applicable to defendant's case has not changed since his original sentencing. The Court is therefore unable to reduce his term of imprisonment.

### III.   Conclusion

For the foregoing reasons, defendant's motion for reduction of sentence is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  June 16, 2009